of New Lots, 107 N. Y. 148 [13 N. E. 915]. In these cases it was held that it is a fundamental rule that a judgment should be secundum allegata et probata, and that any departure from that rule is certain to produce surprise, confusion, and injustice. It was said with much force that pleadings and distinct issues are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose other than to insnare and mislead his adversary."

In Northam v. Dutchess County Mutual Ins. Co., 177 N. Y. 73, 69 N. E. 222, the court said:

"In this case the plaintiff failed to prove the cause of action alleged, and the evidence tending to establish a different cause of action was objected to upon the ground that it was inadmissible under the pleadings and no amendment was asked for. In such a case, if the plaintiff fails to prove the cause of action set up in his complaint, and proper objections are made upon the trial, and no amendment of the pleadings is asked for or ordered, a judgment in the plaintiff's favor upon a cause of action not alleged cannot be sustained on appeal, nor after trial can the pleadings be conformed to the proof."

It seems clear that the evidence objected to was improperly admitted, that it was error to refuse the request to charge alluded to, and that the case was submitted to the jury upon a theory inconsistent with the complaint and in violation of the fundamental rule stated in the cases cited.

We are also of the opinion that, even upon the theory followed at the trial over the objection of the defendant, the verdict was against the weight of evidence.

For these reasons, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

BACCELLI v. DELAWARE & H. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. MASTER AND SERVANT (§ 236*)—MASTER'S DUTY—WARNING EMPLOYÉS OF DANGER.

It being a railroad section foreman's duty to notify the section men when trains approached, a section hand, repairing one of the tracks while a train was passing on the other, could rely on receiving such notice if a train was approaching in the opposite direction.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 724; Dec. Dig. § 236.*]

2. MASTER AND SERVANT (§ 289*)—INJURIES—ACTION—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

In an action against the company for a railroad section hand's death by being struck by a passing train while working on the track, whether intestate was guilty of contributory negligence held a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1121; Dec. Dig. § 289.*]

3. MASTER AND SERVANT (§ 286*)—INJURIES—ACTION—NEGLIGENCE.

In an action for a section hand's death by being struck by a passing train while working on the track, whether intestate's foreman was negli-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gent in not giving intestate other notice. of the approaching train than by shouting and waving his hands *held* a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1033; Dec. Dig. § 286.*]

4. EXECUTORS AND ADMINISTRATORS (§ 29*)—LETTERS OF ADMINISTRATION—CONCLUSIVENESS.

Under Code Civ. Proc. § 2591, providing that letters of administration granted by a court having jurisdiction to grant them are conclusive evidence of the authority of the administrator, unless the decree granting them is reversed, or the letters are revoked, letters of administration, apparently regular, cannot be questioned in an action by the administrator for decedent's death.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 178; Dec. Dig. § 29.*]

Houghton, J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by Germanio P. Baccelli, as administrator, against the Delaware & Hudson Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edgar T. Brackett and James A. Leary, for appellant.

Lewis E. Carr, for respondent.

JOHN M. KELLOGG, J.   The plaintiff's intestate, while in the employ of the defendant as a track repairer, and while replacing a broken bolt in a plate holding the rails together on the north-bound track, was killed by a train from the south running over him.   At the same time a heavy freight train was passing in the opposite direction on the south-bound track, the road at the point passing on a curve through a cut.   He was at work with one Reynolds, the section boss in charge of the gang.   It was the duty of Reynolds to look out for the gang and to warn them of the approach of trains.   At the time of the accident Reynolds was about 200 feet south of the intestate, and from a semaphore in sight saw that the train was approaching from the south, and he and his son stepped off from the track and hallooed and motioned to the intestate; but he did not see or hear them, as he was intent upon his work and the train passing him made a great noise. Reynolds had been expecting the train for four minutes before it ran over the intestate.

It being the duty of Reynolds to look out for the men and notify them when a train was coming, the intestate had a certain right to expect such notice if a train was coming in the opposite direction.   His contributory negligence, and the question of whether Reynolds was negligent in attempting no other notice except by hallooing and waiving his hands, were fair questions for the jury.   If he had time to give other notice, and reasonably believed that the hallooing and motions of his arms would not give sufficient notice, it is for the jury to determine whether he exercised the care of an ordinarily prudent person under the circumstances.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This action was brought by Charles La Bell, as administrator, etc.; he having been appointed by the surrogate of Saratoga county, where the intestate met his death. The intestate was an unnaturalized Italian, having no relatives in this country; and it is conceded that by virtue of the treaty between Italy and the United States the consul general of that country here has the prior right to administer upon his estate, and the dismissal of the complaint is sought to be sustained upon the ground that the plaintiff had not capacity to sue and was not the legal administrator. The letters of administration are apparently regular, and under section 2591 of the Code of Civil Procedure their regularity cannot be questioned in this action. After the trial the letters were revoked, and the consul general appointed, and is substituted in the action without prejudice to any objection which the defendant had to the regularity of the action at the time of trial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGH-TON, J., who dissents.